# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT HUFF, individually and on behalf of similarly situated persons, | Case No. 17-cv-13556 |
| Plaintiff, | Hon. Sean F. Cox |
| v. | |
| VELO ASSOCIATES, PLC, et al. | |
| Defendants. | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

For the reasons stated in the accompanying brief, Defendants by and through their counsel, move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendants ask this Court to enter an order granting summary judgment in their favor, determining that: (1) Plaintiff lacks standing to bring this lawsuit; (2) even if Plaintiff had standing, the interest sought was not a violation of the Fair Debt Collection Practices Act ("FDCPA"), the Michigan Regulation of Collection Practices Act ("MRCPA"), or the Michigan Occupational Code ("MOC"); and (3) even if Plaintiff had standing, the state court lawsuit leading to this lawsuit filed in Sun Homes, Inc.'s name did not violate the FDCPA, the MRCPA, or the MOC.

Pursuant to Local Rule 7.1(a), Defendants' counsel certifies that on January 2, 2019, he sought concurrence from Plaintiff's counsel on this motion via e-mail, but no concurrence was obtained.  Defendants submit their memorandum in support of their motion below.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendants

Dated:  January 2, 2019          By:     */s/ Paul A. Albarran*_____
Randall J. Groendyk (P37196)
Paul A. Albarran (P82031)
Business Address, Telephone, and Email:
P.O. Box 352
Grand Rapids, MI  49501-0352
Telephone: (616) 336-6000
rjgroendyk@varnumlaw.com
paalbarran@varnumlaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT HUFF, individually and on
behalf of similarly situated persons,

       Plaintiff,

v.

VELO ASSOCIATES, PLC, et al.

       Defendants.

Case No. 17-cv-13556

Hon. Sean F. Cox

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES.........................................................................ii

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE ..................................v

QUESTIONS PRESENTED........................................................................vii

CONTROLLING/MOST APPROPRIATE AUTHORITY ....................................ix

I.    INTRODUCTION ...........................................................................1

II.   STANDARD OF REVIEW ...............................................................2

III.  ARGUMENT..................................................................................2

      A.   Plaintiff Lacks Standing to Bring this Lawsuit. .....................2

      B.   The Amount of Interest Defendants Sought was Permitted by
           Michigan Law........................................................................5

      C.   Defendants did not Violate the FDCPA or the MOC Because
           the True Party in Interest, Sun Homes, was the Party Seeking
           Collection of the Debt. .........................................................9

IV.   CONCLUSION..............................................................................11

CERTIFICATE OF SERVICE ................................................................12

i

# INDEX OF AUTHORITIES

Page

**Cases**

*Aleris Aluminum Canada L.P. v. Valeo, Inc.*,
    718 F. Supp. 2d 825 (E.D. Mich. 2010) .................................................. ix, 7

*Bender v. Southland Corp.*,
    749 F.2d 1205 (6th Cir. 1984) .............................................................. 2

*Burns v. Ross Stuart & Dawson, Inc.*,
    No. 16-10917, 2016 WL 7013007 (E.D. Mich. Dec. 1, 2016)..................... 10

*Hagy v. Demers & Adams*,
    882 F.3d 616 (6th Cir. 2018) ........................................................... ix, 2, 5

*Hahn v. Triumph P'ships LLC*,
    557 F.3d 755 (7th Cir. 2009) .............................................................. 10

*Hill v. Accounts Receivable Services, LLC*,
    888 F.3d 343 (8th Cir. 2018) ............................................................ ix, 7

*In re Garrett Tool & Eng'g, Inc.*,
    273 B.R. 123 (E.D. Mich. 2002) ........................................................ ix, 2

*Jones v. Jackson Nat. Life Ins. Co.*,
    819 F. Supp. 1382 (W.D. Mich. 1993)................................................... 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)........................................................................... 3

*Lyshe v. Levy*,
    854 F.3d 855 (6th Cir. 2017) ............................................................ ix, 2

*McCreery v. Green*,
    38 Mich. 172 (1878) ......................................................................... 6

*Miller v. Javitch, Block & Rathbone*,
    561 F.3d 588 (6th Cir. 2009) ............................................................ ix, 9

*Nicklaw v. Citimortgage, Inc.*,
    839 F.3d 998 (11th Cir. 2016) ............................................................ 3

*Royal Oak Twp. v. City of Berkley*,
        16 N.W.2d 83 (Mich. 1944) ....................................................................... ix, 6

*Snow v. Nowlin*,
        43 Mich. 383; 5 N.W. 443 (1880) ....................................................................6

*Spokeo, Inc. v. Robins*,
        136 S.Ct. 1540 (2016)....................................................................... ix, 2, 3, 4

*Strubel v. Comenity Bank*,
        842 F.3d 181 (2d Cir. 2016) ...........................................................................3

*Talley v. Bravo Pinto Restaurant, Ltd.*,
        61 F.3d 1241 (6th Cir. 1995) ..........................................................................2

## **Statutes**

15 U.S.C. § 1692e ................................................................................ 5, 10

15 U.S.C. § 1692e(10) ................................................................................1

15 U.S.C. § 1692e(14) ................................................................................1

15 U.S.C. § 1692e(2)(A) ................................................................................1

15 U.S.C. § 1692e(5) ................................................................................1

15 U.S.C. § 1692f................................................................................1, 5

15 U.S.C. § 1692f(1) ................................................................................1

Mich. Comp. Laws 438.31................................................................ vii, ix, 6, 7, 8

Mich. Comp. Laws 445.252(a) ................................................................................1

Mich. Comp. Laws 445.252(e) ................................................................................1

Mich. Comp. Laws 445.252(f)(i) ................................................................................1

Mich. Comp. Laws 445.252(f)(ii)................................................................................1

**Other Authorities**

Fair Debt Collection Practices Act ...........................................................vii, viii, 1-10

Michigan Occupational Code ............................................................vii, viii, 1, 5, 9

Michigan Regulation of Collection Practices Act ......................................... vii, 1, 5

# STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendants assert that the following material facts are not in dispute in this case and support their Motion for Summary Judgment:

1.     In June 2010, Plaintiff entered into two lease agreements with Sun Homes to lease and occupy a manufactured home and a manufactured home lot. (Doc #1, ¶ 22).

2.     In June 2011, Plaintiff renewed his lease with Sun Homes, Inc. ("Sun Homes") for an additional twelve months.  (Doc #25-2, Pg ID 274).

3.     In or about July 2011, Plaintiff vacated the premises of the subject property and stopped paying rent in violation of his lease.  (Doc #1 ¶¶ 27-28).

4.     In 2016, Sun Homes filed suit against Plaintiff in state court seeking damages for the unpaid principal balance plus interest.  (Doc #1-1, Pg ID 29).

5.     On April 2, 2018, the state court dismissed Sun Homes' case against Plaintiff with prejudice to Sun Homes, but without regards to the underlying merits of the case.  (Doc # 27-13, Pg ID 465).

6.     Sun Homes enters into a "Suit Authorization" with Account Adjustment Bureau, Inc. ("AAB") for purposes of forwarding delinquent accounts owned by Sun Homes to a law firm to file collection actions.  (Doc #16-5 19:21-20:2).

7.      At all times, Sun Homes retains all rights to the debt, assigning certain rights to AAB solely for collection purposes.  (Doc # 25-3 113:9-18).

## QUESTIONS PRESENTED

1.    Whether Plaintiff has suffered an actual injury sufficient to establish standing to bring this lawsuit under Article III?

2.    When a party seeks compensation in violation of the FDCPA, the MRCPA, or the MOC, a court must determine whether there has been a material violation of such statutes that merits relief. Plaintiff filed this case alleging that Defendants' seeking of statutory interest under Mich. Comp. Laws 438.31, absent a contractual provision regarding interest, violated the FDCPA, MRCPA, and MOC. Should this Court find that the seeking of statutory interest, absent a contractual provision, violates the FDCPA, MRCPA, or MOC?

3.    Plaintiff filed this case alleging Defendants violated the FDCPA and MOC by filing state court lawsuits in Sun Homes' name because the title to and right to collect the debt had allegedly been fully assigned to AAB prior to the filing of the lawsuit. The document at issue, the "Suit Authorization" between Sun Homes and AAB in relation to Plaintiff, does not include language indicating there was a transfer of any rights to the underlying debt beyond the authorization of AAB to retain an attorney to file a collection lawsuit in Sun Homes' name. Should this Court find that filing a lawsuit in

the name of the actual creditor, despite an agreement for another party to retain an attorney, violates the FDCPA or the MOC?

## CONTROLLING/MOST APPROPRIATE AUTHORITY

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1550 (2016); *Hagy v. Demers & Adams*, 882 F.3d 616 (6th Cir. 2018); *Lyshe v. Levy*, 854 F.3d 855, 860 (6th Cir. 2017); Mich. Comp. Laws § 438.31; *Royal Oak Twp. v. City of Berkley*, 16 N.W.2d 83, 87 (Mich. 1944); *Aleris Aluminum Canada L.P. v. Valeo, Inc.*, 718 F. Supp. 2d 825, 829 (E.D. Mich. 2010); *Hill v. Accounts Receivable Services, LLC*, 888 F.3d 343, 346-47 (8th Cir. 2018); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *In re Garrett Tool & Eng'g, Inc.*, 273 B.R. 123, 125-126 (E.D. Mich. 2002).

# I.    INTRODUCTION

Plaintiff asserts that Defendants filed state court lawsuits in violation of the FDCPA, the MRCPA, and the MOC.   Plaintiff first alleges that Defendants violated the FDCPA, specifically 15 U.S.C. §§ 1692e(2)(A), e(5), e(10), f, and f(1), and the MRCPA, specifically Mich. Comp. Laws 445.252(e), (f)(i), and (f)(ii) by filing state court lawsuits that purportedly sought interest in violation of Michigan law.    Second, Plaintiff alleges that Defendants violated FDCPA § 1692e(14) and the MOC, specifically Mich. Comp. Laws 445.252(a) by filing state court lawsuits in the name of Sun Homes when Sun Homes purportedly was not the true party in interest.

Plaintiff's case fails for several reasons.   First, Plaintiff lacks standing to bring this lawsuit because his state court lawsuit was dismissed with prejudice against Sun Homes, and he was never required, nor will be required, to pay the disputed debt, including interest.   Second, the interest sought in the state court action was permitted by Michigan law and thus not in violation of the FDCPA or the MRCPA.   Lastly, the "Suit Authorization" particular to Plaintiff did not transfer title to the underlying debt; it only authorized AAB to hire an attorney who would file a collection lawsuit for Sun Homes in Sun Homes' name.

Accordingly, Defendants respectfully request this Court grants summary judgment in their favor.

## II. STANDARD OF REVIEW

Under Rule 56, summary judgment must be granted if the pleadings and all supporting documentation show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *In re Garrett Tool & Eng'g, Inc.*, 273 B.R. 123, 125-126 (E.D. Mich. 2002). The movant bears the burden of demonstrating the absence of any genuine issues of material fact. *See Talley v. Bravo Pinto Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995). The court must view all the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

## III. ARGUMENT

### A. Plaintiff Lacks Standing to Bring this Lawsuit.

A Plaintiff seeking relief under the FDCPA must show some harm greater than a "bare procedural violation" to have standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1550 (2016); *see also Hagy v. Demers & Adams*, 882 F.3d 616 (6th Cir. 2018). Standing is "not met simply because a statute creates a legal obligation and allows a private right of action for failing to fulfil this obligation." *Lyshe v. Levy*, 854 F.3d 855, 860 (6th Cir. 2017). "[E]ven if Congress conferred procedural rights, a plaintiff's claim for standing fails if he cannot demonstrate a material risk of harm to the underlying interest. *Id.* (citing *Strubel v. Comenity Bank*, 842 F.3d

181, 190 (2d Cir. 2016)). *See also Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1000 (11th Cir. 2016) (holding that the plaintiff's allegations were insufficient to establish standing when the state-law violation had been subsequently remedied). Thus, without the showing of any material injury, a Plaintiff cannot sustain a claim under the FDCPA or related state statutes.

A plaintiff invoking federal jurisdiction "bears the burden of establishing" he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). To establish injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan*, 504 U.S. at 560).

Here, Plaintiff has failed to establish he has an injury that is "concrete and particularized" and "actual or imminent" because his state court lawsuit was dismissed in his favor with prejudice and not on the merits, which necessarily leads to the fact that Plaintiff **never paid the disputed debt, including interest, nor is faced with any future possibility of paying same**. The only time Plaintiff alleges a particular injury is with conclusory statements of law that "Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress,

mental anguish, emotional distress, embarrassment, humiliation, and anxiety and legal fees." Doc #1 at ¶ 93. This boilerplate allegation does not provide any facts establishing Plaintiff has suffered an injury in fact that is capable of resolution by this Court. Plaintiff has failed to produce any other evidence of an injury sufficient to establish standing under Article III.

Plaintiff's claim fails for lack of standing because "he cannot demonstrate a material risk of harm to the underlying interest." Plaintiff never paid the disputed debt or interest, and the state court lawsuit was dismissed with prejudice, necessarily implying that there will be no risk of future harm based on the same facts. Even if Plaintiff's argument is that the alleged violation of the FDCPA alone establishes the injury in fact requirement, his argument would be misplaced because it only alleges a "bare procedural violation, divorced from any concrete harm" which is insufficient to establish standing under Article III. *Spokeo*, 136 S. Ct. at 1550. The procedural violation of the FDCPA could only establish standing if it entailed a degree of risk that Plaintiff would be imminently harmed, but there is no remote possibility that Defendants' purported violations of the FDCPA could harm Plaintiff in the future because the state court case was dismissed with prejudice.

Similarly, Plaintiff's state law claims lack standing. "The doctrine of supplemental jurisdiction does not alter Article III's standing requirements. And

those requirements apply to state-law claims in federal court." *Hagy*, 882 F.3d at 624. Because Plaintiff's state law claims "mirror" the FDCPA, he lacks standing to bring those claims in this Court. In *Hagy*, the Sixth Circuit dismissed the plaintiffs' state law claims mirroring the FDCPA after determining there was no standing for the plaintiffs' federal claims. *Id.* This Court should do the same here.

Therefore, because Plaintiff has never suffered any actual harm as a result of Defendants' alleged violations of the FDCPA, MRCPA, and MOC, and no future harm based on the same facts is possible, this Court should grant Defendants' Motion for Summary Judgment because there is no genuine issue of material fact that establishes Plaintiff suffered an actual injury.

### B. The Amount of Interest Defendants Sought was Permitted by Michigan Law.

Plaintiff claims that the amount of interest Sun Homes sought was not authorized by law, and therefore Defendants' claim for that interest was an FDCPA violation. The FDCPA prohibits the pursuit of a collection action that is not "expressly authorized by the agreement creating the debt **or permitted by law**." 15 U.S.C. § 1692f (emphasis added). The FDCPA also prohibits the false representation of the character of the debt and threatening to take any action that cannot legally be taken. 15 U.S.C. § 1692e. This argument has no merit.

First, the State District Court never held that Sun Homes was not entitled to claim and recover interest under Michigan law. Instead, the court dismissed the

case because the second lease Plaintiff entered with Sun Homes in 2011 was not provided to opposing counsel until several days before trial. Thus, the court did not dismiss the case on the merits of the underlying issues, including the legality of seeking interest under Mich. Comp. Laws 438.31.

Second, Michigan law permits the interest Sun Homes sought in the state court action. Michigan courts have long recognized that complete compensation can only be accomplished if interest is awarded from the date of injury. *Snow v. Nowlin*, 43 Mich. 383, 387; 5 N.W. 443 (1880); *McCreery v. Green*, 38 Mich. 172, 185 (1878). Plaintiff alleges that applying statutory interest pursuant to Mich. Comp. Laws 438.31, in absence of an express agreement regarding interest, is contrary to Michigan law and thus a violation of the FDCPA. "In the absence of contract express or implied, the right to interest on a debt owed in Michigan is statutory." *Royal Oak Twp. v. City of Berkley*, 16 N.W.2d 83, 87 (Mich. 1944). Mich. Comp. Laws § 438.31 states in relevant part:

> The interest of money shall be at the rate of $5.00 upon $100.00 for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum.

Mich. Comp. Laws § 438.31. Alternatively stated, the statute provides that where parties to a contract do not stipulate to the applicability or rate of interest due on debt owed in writing, the rate shall be 5 percent and the accrual of interest begins on the date the debt first became due.

Where an amount due is settled in contract, and no interest provision is included, interest accrues "from the date compensation would have been due had it been paid voluntarily" at the "legal rate of 5%" pursuant to Mich. Comp. Laws 438.31. *Jones v. Jackson Nat. Life Ins. Co.*, 819 F. Supp. 1382, 1383 (W.D. Mich. 1993). In *Aleris*, the plaintiff brought a breach of contract action for non-payment of certain invoices. *Aleris Aluminum Canada L.P. v. Valeo, Inc.*, 718 F. Supp. 2d 825, 829 (E.D. Mich. 2010). There, the invoices did not stipulate as to the payment of interest, though the plaintiff requested statutory interest. *Id*. The court held that Michigan law supports the request for interest at the rate of 5% per annum from the dates that invoices should have been paid until final judgment, citing to Mich. Comp. Laws 438.31. *Id*. at 831.

Further, just this year, a federal court of appeals held that a debt collector does not violate the FDCPA when it attempts to collect interest under a state usury statute, even when the debtor "may have a valid legal defense to the application of the statute." *Hill v. Accounts Receivable Services, LLC*, 888 F.3d 343, 346-47 (8th Cir. 2018), rehearing and rehearing en banc denied ("That Hill may have had a valid legal defense to the application of the statute does not mean that Accounts Receivable attempted to collect interest that is not permitted by law."). In that case, the Eighth Circuit found that the text of the Minnesota statute in question "does not prohibit [the creditor] from recovering such interest." *Id*. The same is

true here: nothing in the text of Mich. Comp. Laws 438.31 prevents its application to the Creditor's claim.

In addition, the Eighth Circuit noted that the state supreme court had not yet decided whether the interest statute at issue applied to the creditor's claim, and therefore, seeking interest under that statute was not a violation of the FDCPA. *Id*. ("Whether § 334.01 applies to Accounts Receivable's conciliation court claim is a question of Minnesota law that has not been decided by the Minnesota Supreme Court."). The same is true here: in the absence of any binding precedent to the contrary, Sun Homes was fully within its rights to pursue interest allowed under the plain language of Michigan statutes.

Here, there is no provision for interest in Plaintiff's lease. The statutory rate of interest prescribed in Mich. Comp. Laws § 438.31 applies in situations identical to the circumstances here—where a contract contains no provision for interest. Plaintiff has presented no authority or evidence to suggest that Mich. Comp. Laws § 438.31 does not apply to the sum she owed to the Creditor under the lease agreement. On this issue, there are no genuine issues of material fact, and it is clear that Sun Homes' claim for interest under Mich. Comp. Laws § 438.31 did not violate the FDCPA. Therefore, this Court should grant summary judgment in favor of Defendants on this issue.

## C. Defendants did not Violate the FDCPA or the MOC Because the True Party in Interest, Sun Homes, was the Party Seeking Collection of the Debt.

Defendants did not violate the FDCPA or the MOC because the true party in interest, Sun Homes, was the party seeking collection of Plaintiff's debt in the state lawsuit. Contrary to Plaintiff's argument, Sun Homes did not transfer ownership of Plaintiff's debt to AAB. (Doc #25-3, Page ID 276, 113:9-18). Sun Homes only authorized AAB to retain an attorney to file a collection lawsuit in Sun Homes' name. The Suit Authorizations are merely Sun Homes' delegation of authority to AAB to facilitate filing collection suits. Thus, because Sun Homes owned the debt at the time it brought suit against Plaintiff in state court, it was the proper party in interest and did not violate the FDCPA. Even more, the Suit Authorization particular to Plaintiff's state court case did not even include terms indicating an irrevocable assignment of rights to the debt. (Doc #27-8, Page ID 439).

Further, even if Sun Homes had transferred title to the debt to AAB as Plaintiff alleges, its state lawsuit against Plaintiff was not a material violation of the FDCPA.[1] "Materiality is an ordinary element of any federal claim based on a false or misleading statement." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588,

---

[1] Defendants do not agree with Plaintiff's characterization of the ownership of Plaintiff's debt. Defendants maintain that Sun Homes retains ownership of the debt, regardless of the Suit Authorization entered into between Sun Homes and AAB.

596 (6th Cir. 2009) (quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). Materiality is "equally […] required in an action based on 15 U.S.C. § 1692e," and a statement "false in some technical sense" is immaterial. *Id*. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Id*. Additionally, the FDCPA excludes creditors from its reach because "creditors seeking to collect their own debts are restrained from engaging in abusive collection practices by the creditors' desire to retain their good will with consumers." *See Burns v. Ross Stuart & Dawson, Inc.*, No. 16-10917, 2016 WL 7013007, at *3 (E.D. Mich. Dec. 1, 2016).[2]

Here, even if Plaintiff's allegations are accepted as true that Sun Homes transferred title of the debt to AAB, the fact that Sun Homes, not AAB, filed suit against Plaintiff in state court after the transfer is "false in some technical sense," but otherwise immaterial. The purpose of the FDCPA is to prohibit situations where a creditor pretends to be someone else in the course of collecting its own debts. In this case, it would be more confusing if AAB had sued Plaintiff in state court to collect the debt. Even though, as alleged, Sun Homes did not own the debt, there was no material representation that prejudiced Plaintiff. Therefore, filing in Sun Homes' name, even if AAB owns the debt, is "a false but non-material statement" that is "not actionable."

---

[2] Unpublished case attached as **Exhibit A**.

Therefore, there is no genuine issue of material fact indicating AAB was the true party in interest of the underlying debt when Sun Homes filed suit against Plaintiff in Sun Homes' name. Thus, this Court should grant summary judgment in Defendants' favor on this issue.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendant

Dated:  January 2, 2019          By:     */s/ Paul A. Albarran*
                                          Randall J. Groendyk (P37196)
                                          Paul A. Albarran (P82031)
                                          Business Address, Telephone, and Email:
                                          P.O. Box 352
                                          Grand Rapids, MI  49501-0352
                                          Telephone: (616) 336-6000
                                          rjgroendyk@varnumlaw.com
                                          paalbarran@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send the notification of such filing to counsel of record.


By:  */s/ Paul A. Albarran*
Paul A. Albarran